UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID KISSI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1141 (RBW) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on David Kissi's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his criminal sentence. The motion will be denied, all pending motions will be denied, and this action will be dismissed.

Petitioner was convicted in the United States District Court for the District of Maryland by a jury on two counts of bankruptcy fraud, three counts of obstruction of justice, and two counts of criminal contempt. A Petition for a Writ of Habeas Corpus Intent to Seek Correction of Sentence or to Set Aside a Wrong Judgment Despite the Verdict Pursuant to 28 U.S.C. 2255(F)(2) ("Pet."), Attachment (excerpt from transcript of August 10, 2007 sentencing hearing). He already has served the 30-month term of imprisonment received, but he has not yet paid the $40,000 assessment and penalties or completed his three-year term of supervised release. Pet. at 1. Alleging errors in the sentence that was imposed and raising a claim of ineffective assistance of counsel, *see generally id.* at 1-14, petitioner "begs the court to correct his sentence at a new hearing" and to "wipe out his court fines and probation." *Id.* at 15. In the alternative, he argues that he "should be allowed to introduce newly discovered evidence of fraud on the part of the [United States] . . . in order to have the instant court set aside his

1

wrongful conviction despite the verdict after jury trial." *Id.*

Where, as here, petitioner challenges his conviction and sentence, "he must do so in a motion in the sentencing court under 28 U.S.C. § 2255." *Spencer v. United States*, No. 11-0734, 2011 WL 1624991, at *1 (D.D.C. Apr. 8, 2011) (Walton, J.); *see also Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999) ("When proceeding by § 2255 . . . the federal prisoner must file his motion to vacate, set aside, or correct his sentence in the court which imposed the sentence.") (internal quotation marks omitted)); *Olson v. United States*, 587 F. Supp. 2d 162, 162 (D.D.C. 2008) (stating that a motion under § 2255 "must be presented to the sentencing court"). Petitioner also may raise an ineffective assistance of counsel claim in such a collateral proceeding. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

Notwithstanding petitioner's assertion that "all 4th Circuit forums have been very, very hostile to him," Pet. at 14, his motion should have been brought in the United States District Court for the District of Maryland. *See* 28 U.S.C. § 2255(a) (providing that a prisoner "move the court which imposed sentence to vacate, set aside or correct the sentence"). The Court therefore will deny the petition and dismiss this action without prejudice. *See, e.g., Atunez v. Gonzales*, No. 07-0556, 2007 WL 1100505, at *1 (D.D.C. Apr. 10, 2007) (dismissing petition challenging federal district court's jurisdiction and raising claim of ineffective assistance of counsel because these matters should have been brought by motion under § 2255 in the sentencing court). An Order consistent with this Memorandum Opinion is issued separately.

DATE: July 22, 2011

/s/
REGGIE B. WALTON
United States District Judge